UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALBERT ROBINSON,

        Plaintiff,

-vs-                                        Case No. 6:04-cv-1468-Orl-22JGG

ADVENTIST HEALTH SYSTEM dba
Florida Hospital Orlando,

        Defendant.

## ORDER

This cause came on for consideration without oral argument on the following motions:

| MOTION: | PLAINTIFF'S MOTION TO COMPEL DISCLOSURE AND DISCOVERY (Doc. No. 54) |
|---|---|
| FILED: | October 17, 2005 |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

| MOTION: | PLAINTIFF'S MOTION FOR AN INJUNCTION AGAINST THE DEFENSE ATTORNEY (Doc. No. 55) |
|---|---|
| FILED: | October 17, 2005 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION REQUESTING THAT THE COURT ORDER DEFENDANT TO RELEASE A COPY OF THE DEPOSITION (Doc. No. 57)** |
| **FILED:** | October 17, 2005 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Each of the three motions filed by Plaintiff may be denied for failure to comply with Local Rule 3.01(g). Local Rule 3.01(g) requires in pertinent part that the parties talk to each other before a motion is filed in a good faith effort to work out the dispute before filing a motion with the Court. The rule further requires the moving party as part of its motion to certify to the Court that the conference occurred and to state the other party's position.

The Court is concerned about both parties' actions in this case and wants to impress upon the parties the Court's expectations regarding professionalism and courtesy. The Case Management and Scheduling Order requires the parties to comply not only with the Federal Rules of Civil Procedure and the Local Rules, but also to comply with the Ideals and Goals of Professionalism adopted by the Board of Governors of the Florida Bar on May 16, 1990. See 73 FLORIDA BAR JOURNAL 711-13 (September 1999). (Also available on the Florida Bar website at http://www.floridabar.org.) Among these goals is the respect for the time and commitments of others. Defense counsel knew he was not going to appear at the document production scheduled by Plaintiff, yet he did not notify Plaintiff and caused Plaintiff to wait for nearly an hour and a half for defense counsel to appear. The Court expects the parties to treat each other with courtesy and to avoid unnecessary expense.

The Court further expects defense counsel to comply with the Ideals and Goals of Professionalism concerning the fair and efficient administration of justice. This means, for example,

if Defendant objects to producing relevant documents on privacy grounds, defense counsel should take the initiative in resolving the objection by drafting an appropriate protective order and conferring with Plaintiff about the matter. Similarly, if the Plaintiff's requests for production are unclear, defense counsel should contact Plaintiff to obtain a clarification of what documents are sought.

With respect to Plaintiff's motion to compel discovery, although Defendant's response was timely served, it did not comply with Fed. R. Civ. P. 34. Specifically, the response does not separately state with respect to each item or category whether inspection will be permitted or whether it is objected to, in which event the reasons for the objection shall be stated. By combining responses to different requests for production, Defendant makes it difficult to determine whether a response was made to each request and what is the response. Further, the Court looks with disfavor upon Defendant's general objection that "the statement herein that Florida Hospital will produce documents responsive to a request is neither a representation that such document exist nor a representation that such document will be located through a reasonable search. . . ." Defendant is obligated to make a good faith search for the documents prior to responding to the request. Responses that state a document will be produced if it is found leads the Court to believe that Defendant has not complied with its obligation and is engaging in a delay tactic. The Court also looks with disfavor upon general objections as to undue burden when no explanation of the burden is provided.

The Court *sua sponte* strikes Defendant's Response to Robinson's First Request for Production of Documents for noncompliance with Rule 34. In striking the response, the Court does not intend to prevent Defendant from asserting appropriate objections that were timely raised in its Response. Defendant is ordered to serve an amended response that complies with Rule 34 within ten

business days of the date of this Order. Prior to serving the amended response, the Court expects defense counsel to confer with Plaintiff and resolve any issues regarding ambiguity of the requests, privacy objections, and undue burden.

Plaintiff's motion for an injunction against defense counsel's alleged insults and application of pressure is denied. An injunction is not an appropriate remedy for the alleged conduct.

Plaintiff's motion for an order requiring Defendant to provide Plaintiff with a copy of his deposition is denied. Plaintiff may order a copy of the deposition from the court reporter.

Plaintiff is cautioned that although he is appearing pro se, he is required to comply with the Local Rules of the Middle District of Florida and the Federal Rules of Civil Procedure. Failure to comply with these rules in the future may result in the denial of the motion, the striking of a pleading or other sanctions. A copy of the Local Rules may be viewed on the Court's website at http://www.flmd.uscourts.gov/ or obtained at no charge by mailing a letter to the Clerk's Office. Because the Court cannot pay the mailing costs, Plaintiff must also provide a self-addressed envelope with $3.95 postage affixed thereto. They may also be found in Florida Rules of Court available from West Group, 620 Opperman Drive, St. Paul, Minnesota 55164. This book may also be available in the public library.

**DONE** and **ORDERED** in Orlando, Florida on October 20, 2005.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

-4-